**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRUCE COUTURIER and ELEANOR COUTURIER,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; CONDOMINIUM RENTAL SERVICES, INC.; KOVAL FLAMINGO, LLC; REBEKAH DESMET; and MERIDIAN PRIVATE RESIDENCES CH, LLC,<br><br>    Defendants. | Case No. 2:12-cv-01104-APG-NJK |
| SHAHIN EDALATDJU and NASILA EDALATDJU,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; REBEKAH DESMET; and MERIDIAN PRIVATE RESIDENCES CH, LLC,<br><br>    Defendants. | Case No. 2:12-cv-01106-APG-NJK |
| MARY HELDT; VICTOR HELDT; and SNAP PROPERTIES, LLC,<br><br>    Plaintiffs,<br><br>  v. | Case No. 2:12-cv-01107-APG-NJK |

|   |   |
|---|---|
| AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; and MERIDIAN PRIVATE RESIDENCES CH, LLC, <br><br>          Defendants. | |
| NASIR KOSA; BASIR KOSA; and SAID MATTI, <br><br>          Plaintiffs, <br><br>     v. <br><br> AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; REBEKAH DESMET; and MERIDIAN PRIVATE RESIDENCES CH, LLC, <br><br>          Defendants. | Case No. 2:12-cv-01108-APG-NJK |
| FRANK TADDEO and AMELIA TADDEO, <br><br>          Plaintiffs, <br><br>     v. <br><br> AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; and REBEKAH DESMET, <br><br>          Defendants. | Case No. 2:12-cv-01110-APG-NJK |
| WISAM B. KOSA; RAGHID B. KOSA; and MAHA KOSA, <br><br>          Plaintiffs, <br><br>     v. <br><br> AMERICAN INVSCO CORP.; NICHOLAS GOULETAS; KOVAL FLAMINGO, LLC; CONDOMINIUM RENTAL SERVICES, INC.; and MERIDIAN PRIVATE RESIDENCES CH, LLC, <br><br>          Defendants. | Case No. 2:12-cv-01111-APG-NJK <br><br> **ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT AND PARTIALLY GRANTING MOTION TO DISMISS** |

## I. SUMMARY

For the purposes of this Order, the court refers to case number 2:12-cv-01104 (*Couturier*) as the lead case and all docket citations are to that case. Although the claims are not identical, the discussion and analysis of the lead case apply to all six of the above-captioned cases unless otherwise indicated.

There are two motions before the court:

1. Motion to Dismiss by Koval Flamingo, LLC ("Koval"), joined by American Invsco Corporation ("Invsco"), Condominium Rental Services, Inc. ("CRS"), Nicholas Gouletas ("Gouletas"), Meridian Private Residences CH, LLC ("Private Residences"), and Rebekah Desmet ("Desmet"). (Dkt. Nos. 19–22.)

2. Motion for Leave to File Amended Complaint. (Dkt. No. 34.)

## II. BACKGROUND

These six cases began as a single case, 2:08-cv-01463-KJD-RJJ. The underlying facts are well articulated in the court's Order on Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"), which was entered in September 2011 before the cases were ordered severed. (2:08-cv-01463, Dkt. No. 843.) In pertinent part, that Order dismissed (i) the fraud claims *without* leave to amend; (ii) the conspiracy claims; (iii) the breach of contract and breach of implied covenant of good faith and fair dealing claims except as to Koval, Private Residences, and CRS; and (iv) the conversion/trespass claims except as to Invsco, Koval, CRS, and Desmet regarding loss of furniture, funds paid for the purchase of furnishings, and loss of other personal property by the Taddeos, Raad Kosa, Said Matti, and the Couturiers. (*Id.* at 14.) Although the court allowed some of the conversion/trespass claims to proceed, the court excluded from their scope the allegedly converted funds paid by Plaintiffs to the HOA and the allegedly converted portions of the common clubhouse. (*Id.* at 12.)

In May 2012, the court ordered the cases severed and denied Plaintiffs' Motion to Amend/Correct Complaint to add new parties. (2:08-cv-01463, Dkt. No. 913.) Although each case was to be newly filed and assigned a new case number, they were consolidated for the purposes of discovery. (*Id.* at 4.)

In June 2012, Plaintiffs filed the six cases presently at issue. The Complaints plead five claims for relief: (1) breach of contract against Koval for failure to pay rent per the lease-back agreement; (2) breach of contract against CRS and Private Residences for failure to provide furniture and appliances under the leasing agreement; (3) breach of implied covenant of good faith and fair dealing against Koval, CRS, and Private Residences; (4) conversion against Invsco, Koval, CRS, and Desmet; and (5) declaratory relief, contending that Invsco was Gouletas's alter ego and thus the corporate veil should be pierced. (Dkt. No. 1.)

On September 11, 2012, the Defendants moved to dismiss the Complaint in its entirety, arguing that the new Complaint was essentially a fourth amended complaint and violated the court's partial dismissal of the TAC by realleging the fraud claims, including non-recoverable property in the conversion claim, and including a new claim for declaratory relief. (Dkt. No. 19.) Plaintiffs opposed on September 28, 2012. (Dkt. No. 26.)

In January 2013, Plaintiffs filed their Motion for Leave to File Amended Complaint (Dkt. No. 34.)[1] The Proposed FAC includes a new claim of fraud, alleging that Defendants failed to disclose that some of the improvements to the condominium building exceeded its load-bearing capacity. (*Id.*) Plaintiffs contend that the facts underlying this claim were only recently discovered and were not discoverable earlier. (*Id.*) Defendants opposed the motion to amend (Dkt. Nos. 36–39), and Plaintiffs replied (Dkt. No. 41).

The court heard both the Motion to Dismiss and Motion for Leave to File Amended Complaint on May 17, 2013.

### III. ANALYSIS

#### A. Legal Standard

##### 1. Motion to Dismiss

A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than

---

[1] Subsequently, Plaintiffs filed an Errata, attaching a corrected Proposed Amended Complaint (the "Proposed FAC"). (Dkt. No. 35.) That Proposed FAC is the subject of this analysis.

4

"labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations; legal conclusions, however, are not entitled to the same assumption of truth. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### 2.     Leave to Amend

In relevant part, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Five factors guide the district court's discretion to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted). Although "[t]he court's discretion to deny such leave is particularly broad where the plaintiff has previously amended its complaint," *id.* (internal quotation marks and citation omitted), the court heeds the Ninth Circuit's instruction to apply Rule 15's policy of favoring amendments with "extreme liberality." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

5

Under Rule 15(c), a new claim in an amended complaint "relates back to the date of the original [complaint] when" the "applicable statute of limitations allows relation back" or the new claim arises out of the same "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(A)–(B).

### B.  Application

#### 1.  First and Second Claims for Relief (Breach of Contract)

The court previously dismissed the TAC's "fraud based claims," including claims of misrepresentation. (2:08-cv-01463, Dkt. No. 843 at 5:7–11 and 14:2–14.) The Proposed FAC, however, includes allegations of fraud, omission, and misrepresentation. (Dkt. No. 35 ¶¶ 21–32, 36–38, 40–41, 44, 67 (i–iv, vii–ix), 73–76, 97 (a, b).) Plaintiffs contend these allegations support a rescission remedy, but Plaintiffs are not entitled to rescission on the ground of fraud unless they can prove fraud in the inducement (either actual or constructive), such as by a misrepresentation or fraudulent omission. *See Awada v. Shuffle Master, Inc.*, 173 P.3d 707, 713 (Nev. 2007); *Adelman v. CGS Scientific Corp.*, 332 F. Supp. 137, 146 (E.D. Pa. 1971); 17B C.J.S. *Contracts* § 625 (2013). Because the court previously dismissed without leave to amend the fraud in the inducement claims pertaining to the contracts at issue in the First and Second Claims, the misrepresentation allegations listed above must be deleted from the Proposed FAC. The last portion of paragraph 26, which states "the improvements made to the second and third floor units' floors exceeded the permitted load bearing capacity," may remain, however, because it relates to the Sixth Claim (discussed below).

In the First Claim, Plaintiffs do not allege any actual breach of any specific contract provisions; likewise, the Second Claim only vaguely describes the alleged breaches. As such, the First and Second Claims do not meet the pleading standards under Rule 8. *See Iqbal*, 556 U.S. at 663. However, the court grants leave to amend the First and Second Claims to identify the particular contracts that were breached, the particular contract provisions that were breached, the parties that committed each such breach, and the conduct that constituted breach. Plaintiffs also shall amend the Second Claim to adequately identify the defendants against whom the claim is

plead. The Second Claim identifies both CRS and Private Residences as defendants, but there is no allegation that CRS is a party to any contract at issue in the Second Claim.

### 2. Third Claim for Relief (Breach of Implied Covenant)

Under Nevada law, there are two bases for claims of the breach of the implied covenant of good faith and fair dealing—contract-based and tort-based. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993). "[A]n action in tort for breach of the covenant arises only in rare and exceptional cases when there is a special relationship between the victim and tortfeasor." *Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006) (internal quotation marks and citation omitted). Examples of special relationships include insurer-insured, partners of partnerships, and franchisor-franchisee. *Id.* The tort remedy is also available in "certain situations in which one party holds vastly superior bargaining power." *Id.* (internal quotation marks and citation omitted).

Plaintiffs have not pled—nor can they in these circumstances—the special relationship or vastly inferior bargaining power that is necessary for the tort-based claim. Thus, the tort-based claims of breach of the implied covenant are dismissed without leave to amend. Nonetheless, the contract-based claim is sufficiently pled under *Iqbal*, and thus Plaintiffs may proceed with a contract-based claim of breach of the implied covenant of good faith and fair dealing against the parties with whom they have contracted. Plaintiffs are not entitled to exemplary damages, however, on the contract-based claim. *See Sprouse v. Wentz*, 781 P.2d 1136, 1138 (Nev. 1989).

### 3. Fourth Claim for Relief (Conversion)

The court previously dismissed the portions of this claim related to the allegations that Defendants converted both funds paid to the HOA and portions of the common clubhouse. (*See* 2:08-cv-01463, Dkt. No. 843 at 12:4–10.) The Proposed FAC continues to assert conversion claims related to the HOA funds and the common clubhouse. (Dkt. No. 35 ¶¶ 109–110.) Plaintiffs must delete these allegations. This claim survives, with the exception of the allegations contained in paragraphs 109 and 110, which must be deleted. The court does not grant leave to amend this claim to replead the HOA/common clubhouse allegations.

### 4.     Fifth Claim for Relief (Declaratory Relief)

This claim does not meet the pleading standard set forth in *Twombly* and *Iqbal*. The prior order of September 2011 informed Plaintiffs of the required showing for alter ego liability. (2:08-cv-01463, Dkt. No. 843 at 12–13.) Plaintiffs have had sufficient time to discover the facts necessary to support a plausible claim of alter ego liability. The non-conclusory, factual allegations in the Proposed FAC do not support such a claim. *See Iqbal*, 556 U.S. at 663, 678–79. The court thus dismisses the Fifth Claim.

### 5.     Sixth Claim for Relief (Fraudulent Concealment)

This claim is the subject of Plaintiffs' Motion for Leave to Amend, as it is a new claim not asserted in the TAC. Because this allegation of fraud was not previously pled, it was not subject to the court's prior dismissal of fraud claims without leave to amend. (*See* 2:08-cv-01463, Dkt. No. 843 at 14.) The claim is based on allegedly newly-discovered evidence, and thus seems to not have been proposed in bad faith. *See Ecological Rights Found.*, 713 F.3d 502 at 520. If the amendment is allowed, the proceedings will not suffer any undue delay and there is little prejudice to the Defendants because the claim arises mostly from the same set of events as the other claims. *Id.* Moreover, because discovery is not closed, Defendants have an opportunity to mount a defense. Although Plaintiffs have previously amended their complaint (considering the instant cases to be a practical continuance of the former pre-severance case before Judge Dawson), Rule 15's policy of favoring amendments with "extreme liberality" outweighs any concerns that may flow from the repeated amendments. *See Webb*, 655 F.2d 977 at 979. In light of the allegedly new evidence and serious allegation of fraud, justice requires granting leave to amend. FED. R. CIV. P. 15(a)(2).

The claim is sufficiently pled to survive analysis under *Twombly* and *Iqbal*. The exhibits attached to Plaintiffs' Reply indicate that the allegations may be true. (*See* Doc. 41-1.) If so, a reasonable inference may be made that Defendants would be liable for concealing a material fact. *See Iqbal*, 556 U.S. at 663. When filing their revised Amended Complaint, Plaintiffs must identify the specific defendants against whom this claim is plead; the Proposed FAC

insufficiently alleges this claim against "Defendants, including but not limited to . . . ." (Dkt. No. 35 at 29.)

Lastly, Defendants contend that this claim is barred by the "economic loss rule." The "economic loss rule" does not apply to intentional torts. *Terracon Consultants W., Inc. v. Mandalay Resort Group*, 206 P.3d 81, 86 (Nev. 2009) (citing *Local Joint Exec. Bd. of Las Vegas, Culinary Workers Union, Local No. 226 v. Stern*, 651 P.2d 637, 638 (Nev. 1982)). Accordingly, Plaintiffs may recover for purely economic losses if they prevail on this fraud claim. *Stern*, 651 P.2d at 638.

## IV.   CONCLUSION

Accordingly, the court hereby ORDERS:

1. Plaintiffs shall delete the allegations of fraud, misrepresentation, and/or fraudulent omission that support the First and Second Claims for Relief (breach of contract), as set forth above. Plaintiffs may not amend the Complaint to replead such allegations.

2. Plaintiffs shall amend the First and Second Claims for Relief (breach of contract), as set forth above.

3. The tort-based claim for breach of the implied covenant of good faith and fair dealing in the Third Claim for Relief is dismissed. The contract-based claim in the Third Claim for Relief survives.

4. Plaintiffs shall delete the allegations supporting the Fourth Claim for Relief (conversion) that relate to HOA funds and the common clubhouse, as set forth above. Plaintiffs may not amend the Complaint to replead such allegations.

5. The Fifth Claim for Relief (declaratory relief) is dismissed.

6. Leave to amend is granted to plead the Sixth Claim for Relief (fraudulent concealment), as set forth above.

7. Plaintiffs shall file their First Amended Complaint on or before 14 days after the date of entry of this Order.

8. Defendants shall file an Answer or other responsive pleading on or before 14 days after the date of filing of the First Amended Complaint.

9. All discovery, including subpoena deadlines, is stayed until 28 days after the date of entry of this Order.

Finally, the court cautions the Plaintiffs to be very careful in crafting the First Amended Complaint. If Defendants file a motion to dismiss the First Amended Complaint, and the court grants that motion, the court is likely to award sanctions (including attorney's fees and costs, or worse). The court has previously provided significant guidance to Plaintiffs, and Plaintiffs have had sufficient opportunities to correct defective pleadings. Further improper filings will not be tolerated.

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION TO DISMISS is GRANTED IN PART and PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT is GRANTED, subject to the Amended Complaint being revised as set forth above.

DATED THIS 22nd day of May, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE