# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRUCE COURTURIER, et al., | ) | Case Nos.    2:12-cv-01104-APG-NJK |
| | ) | 2:12-cv-01106-APG-NJK |
| Plaintiff(s), | ) | 2:12-cv-01107-APG-NJK |
| | ) | 2:12-cv-01108-APG-NJK |
| vs. | ) | 2:12-cv-01110-APG-NJK |
| | ) | 2:12-cv-01111-APG-NJK |
| AMERICAN INVSCO CORP., et al., | ) | |
| | ) | **O R D E R** |
| Defendant(s). | ) | |

This matter is before the court on Defendants American Invsco Corporation, Condominium Rental Services Inc., and Nicholas Gouletas' response to the Court's Amended Order to Show Cause for failure to comply with this court's Order. Docket No. 124; *see also* Docket No. 122 (Amended Order to Show Cause). Also before the Court is Plaintiffs' motion to strike, Docket No. 113, in Case No. 2:12-cv-1104-APG-NJK.

**I.   Background**

On October 21, 2013, Defendants American Invsco Corporation, Condominium Rental Services, Inc., and Nicholas Gouletas filed a motion to withdraw indicating that their then-attorney, Kirk Lenhard, wished to withdraw from the case. Docket No. 104. Subsequently, the Court issued an Order setting a hearing on that motion for October 29, 2013. Docket No. 105. That Order specifically informed Defendants American Invsco Corporation and Condominium Rental Services, Inc., that corporations may appear in federal court only through licensed counsel. *Id*.

On October 29, 2013, the Court held the hearing on the motion to withdraw as scheduled. Docket No. 111. Present in person for the hearing were Plaintiffs Frank and Amelia Taddeo

(2:12-cv-1110-APG-NJK), American Invsco Corporations' then-counsel, Kirk Lenhard, Meridian Private Residences' counsel, Lawrence Semenza, and, via telephone, Defendants Nicholas Gouletas and Mark Goldstein, Corporate Representatives for Invsco Corporation and Condominium Rental Services, Inc. *Id*. The Court inquired into whether there were any objections to the motion to withdraw and then expressed concerns relating to dispositive motion deadlines that were due in one month. *Id*. Mr. Semenza, Mr. Gouletas, and Mr. Goldstein all indicated that they had no objection to the motion to withdraw. *Id*. Thereafter, having reviewed and considered the matter, the Court granted the motion to withdraw. *Id*.

The Court gave Defendant Nicholas Gouletas until November 12, 2013, in which to retain counsel or file a notice with the court that he would be appearing in this matter *pro se*. *Id*. Because a corporation cannot appear except through counsel, the Court gave Defendants American Invsco Corporation and Condominium Rental Services, Inc., until November 12, 2013, in which to retain counsel of record authorized to appear in this action. *Id*. The Court further directed the Clerk of the Court to add Defendants' last known addresses, which were contained in the motion to withdraw, to the docket. *Id*.

By December 11, 2013, Defendants American Invsco Corporation and Condominium Rental Services, Inc., had failed to retain counsel of record, and Defendant Nicholas Gouletas had failed to either retain counsel of record or to file a notice with the court that he will be appearing in this matter *pro se*. Accordingly, the Court issued an Order to Show Cause requiring Defendants to show cause in writing, no later than January 10, 2013, why they should not be sanctioned and/or why the Court should not recommend that default judgment be entered against them for their failure to defend and failure to comply with the Court's order that they retain counsel of record. Docket No. 115.

On January 9, 2013, Defendants filed a response to the Order to Show Cause, expressing regret that they did not meet the November 12, 2013, deadline but explaining that as of January 2014, they had retained counsel. Docket No. 120. Defendants requested that the Court not impose sanctions or default judgment in light of the fact that they had obtained counsel who is ready and willing to defend them in the lawsuit. *Id*.

. . .

On January 13, 2014, the Court issued an Amended Order to Show Cause requiring Defendants to show cause in writing, no later than January 17, 2014, why they should not be sanctioned up to the full costs and attorneys' fees incurred by Plaintiff's related to their motion to strike in Case No. 2:12-cv-1104-APG-NJK, as well as a court fine up to $5,000, pursuant to LR AI 4-1 and Fed.R.Civ.P. 16(f). Docket No. 13.  The Court invited Plaintiffs' attorney to submit a declaration of their costs and fees incurred in relation to the motion to strike no later than January 15, 2014. *Id*.  Pursuant to the Court's Order, on January 15, 2014, Plaintiffs' counsel submitted a declaration of costs and fees. Docket No. 123. On January 17, 2014, Defendants filed a response to the Amended Order to Show Cause. Docket No. 124.

**II.   Analysis**

Parties are required to follow Court orders.  Rule 16(f)[1] requires parties to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance.[2]  Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order.  *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001).  Rule 16(f) "was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).  Indeed, the rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) (en banc).

In this case, Defendants failed to comply with a Court-ordered deadline to retain counsel; however, the Court takes counsel at their word that any shortcomings were not intentional and that they

---

[1]  Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2]  Moreover, this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1.

3

have fixed the issues regarding their retention of counsel.  In light of the circumstances in this case, the Court will not impose a Court fine. Additionally, the Court finds that striking Defendants' answer is not an appropriate sanction at this time and Plaintiffs' Motion to Strike (Docket No. 113) in Case No. 2:12-cv-1104-APG-NJK is DENIED.

Nonetheless, Defendants caused Plaintiffs to incur unnecessary attorneys' fees and costs by failing to comply with the Court's Order as Plaintiffs' counsel then had to prepare their motion to strike in Case No. 2:12-cv-1104-APG-NJK. Accordingly, the Court finds that Defendants must pay the costs and fees associated with that motion and further, that Defendants have agreed to pay those costs and fees.[3] *See* Docket No. 124, at 8. The Court has reviewed Plaintiffs' declaration and finds that the requested $662.50 in attorneys' fees and $12.65 in costs is reasonable. Additionally, Defendants have not objected to the calculation of fees. This sanction is imposed solely on Defendants and not their counsel. The balance must be paid directly to Plaintiffs or their counsel.

Lastly, the Court reminds the parties and counsel that it expects strict compliance with Court orders and the rules of the Court.  Future violations may result in significant sanctions, up to and including case-dispositive sanctions.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Strike (Docket No. 113) in Case No. 2:12-cv-1104-APG-NJK, is DENIED.

2. Defendants are sanctioned in the amount of $675.15, payable to Plaintiffs or their counsel, and due forthwith.

Dated: January 21, 2014.

                                                                       _____
                                                                       NANCY J. KOPPE
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[3]Defendants have not agreed to pay, and the Court will not impose, sanctions for the costs and fees associated with filing motions to strike in the following related cases: 2:12-cv-01106-APG-NJK; 2:12-cv-01107-APG-NJK; 2:12-cv-01108-APG-NJK; 2:12-cv-01110-APG-NJK; and 2:12-cv-01111-APG-NJK. Plaintiffs did not file a motion to strike in any of these related cases and, therefore, they did not incur relevant costs and fees in those cases.